UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re: Case No. 26-01087-FMR

CHS FL, LLC, *et al.*, Chapter 11

Debtors. (*Jointly Administered*)
_______________________________________/

THE STATUTORY UNSECURED CLAIMHOLDERS COMMITTEE and MICHAEL GOLDBERG, as Chapter 11 Trustee and Representative of the Estates of CHS FL, LLC, et al., Adv. Pro. No. 26-00053-

Plaintiffs,

v.

M2 LOANCO, LLC and M2 HOLDCO, LLC,

Defendants.
_______________________________________/

**SUPPLEMENTAL CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of (i) *Plaintiffs' (A) Objection to the Proof of Claim Filed by M2 LoanCo, LLC; and (B) Complaint for Disallowance, Recharacterization, Equitable Subordination, and Lien Avoidance* [Docket No. 1]; (ii) *Summons in an Adversary Proceedings* and Local Rule 7001-1 [Docket No. 2] attached hereto as Exhibit A, were served on all parties identified on the attached Electronic Notice List on October 9, 2026 via electronic mail and on all parties identified on the attached Manual Service List on October 12, 2026 via first class U.S. mail, and via certified mail, postage pre-paid, and as indicated thereon.

Dated: October 26, 2026

Respectfully submitted,

By: /s/ *Luis Salazar*__________
COLE SCHOTZ P.C.
Luis Salazar (Florida Bar No. 147788)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted pro hac vice)
Brickell City Tower
80 SW 8th Street, Suite 1900
Miami, Florida 33130
Telephone: (305) 374-4848
lsalazar@coleschotz.com
jalberto@coleschotz.com
scarnes@coleschotz.com

*Investigation, Local, and Efficiency Counsel to the Statutory Unsecured Claimholders' Committee*

**ELECTRONIC NOTICE LIST**

Kevin J. Nash, Esq.
Knash@gwfglaw.com

**MANUAL NOTICE LIST**

**VIA U.S. MAIL:**

M2 LoanCo, LLC
c/o Northwest Registered Agent, LLC, as Registered Agent
7901 4th Street N, Suite 300
St. Petersberg, Florida 33702

M2 HoldCo, LLC
c/o Northwest Registered Agent, LLC, as Registered Agent
7901 4th Street N, Suite 300
St. Petersberg, Florida 33702

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

M2 LoanCo, LLC
c/o Northwest Registered Agent, LLC, as Registered Agent
7901 4th Street N, Suite 300
St. Petersberg, Florida 33702

M2 HoldCo, LLC
c/o Northwest Registered Agent, LLC, as Registered Agent
7901 4th Street N, Suite 300
St. Petersberg, Florida 33702

# EXHIBIT A

# U.S. Bankruptcy Court
# Middle District of Florida

In re:
**CHS FL, LLC**
Debtor

Bankruptcy Case No. **2:26−bk−01087−FMR**

Adversary Proceeding No. **2:26−ap−00053−FMR**

**THE STATUTORY UNSECURED CLAIMHOLDERS COMMITTEE**
Plaintiff
v.
**M2 LOANCO, LLC**
**M2 HOLDCO, LLC**
Defendant

## *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| **Address of Clerk** | |
|---|---|
| | **Clerk, U.S. Bankruptcy Court**<br>**Middle District of Florida**<br>**Sam M. Gibbons United States Courthouse**<br>**801 North Florida Avenue**<br>**Tampa, FL 33602** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| **Name and Address of Plaintiff's Attorney** | |
|---|---|
| | **Amanda L Klopp**<br>**777 South Flagler Drive, West Tower**<br>**Suite 1100**<br>**West Palm Beach, FL 33401** |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**






Clerk, U.S. Bankruptcy Court

***** Important Notice *****
.
**The enclosed Certificate of Service must be filed with the court <u>along with a copy of this summons</u> after service has been made on the parties.**

CSD 3007

## Rule 7001-1

## ADVERSARY PROCEEDINGS – PROCEDURES

(a) ***General.*** This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters. To the extent that the time periods set forth in this rule conflict with those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other Local Rules, this rule controls.

(b) ***Injunctive Relief.*** If a pleading or other paper filed with the Court contains a request for injunctive relief pursuant to Fed. R. Bankr. P. 7065, the title of the pleading or paper must include the words "Injunctive Relief Sought" or the equivalent.

(c) ***Service.*** Plaintiff must serve the summons issued by the Clerk, the complaint, and a copy of this rule within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e). If the initial summons and accompanying papers are not timely served, plaintiff must promptly request the issuance of an alias summons and serve the alias summons together with the complaint and a copy of this rule. Plaintiff must serve all defendants no later than 28 days after the complaint is filed. If an additional party is thereafter named as a plaintiff or a defendant, plaintiff must serve a copy of this rule on each additional party within seven days of the date that the additional party is named.

(d) ***Proof of Service.*** Plaintiff must promptly file a proof of service indicating the service of each summons, the complaint, and this rule on each defendant.

(e) ***Failure to Effect Service.*** If plaintiff does not complete timely and effective service of the summons and complaint, the Court may dismiss the adversary proceeding for lack of prosecution without further notice or hearing. If plaintiff requires additional time to effect service, plaintiff must file a motion for extension of time.

(f) ***Defaults.*** If a defendant has not filed a timely response, plaintiff must seek entry of a Clerk's default of that defendant and move for judgment by default no later than 60 days after the complaint is filed. If plaintiff requires additional time to apply for the entry of default or to move for judgment by default, plaintiff must file a motion for extension of time.

(g) ***Initial Disclosures.*** Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties described below, and without any formal discovery requests, each party must:

(1) identify in writing the name and, if known, the address and telephone number of each individual with discoverable information relevant to the disputed facts;

(2) provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

(3) provide a written computation of any damages claimed; and

(4) provide a copy of any insurance agreement that may be available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(h) ***Meeting of Parties.*** At least 14 days prior to the pretrial or status conference, the attorneys for the parties, or the parties (if not represented by an attorney), must meet (the "Meeting of Parties") to discuss:

(1) the parties' claims and defenses;

(2) the possibility of settlement;

(3) the initial disclosures required in section (g) above; and

(4) a discovery plan as required by Fed. R. Civ. P. 26(f). Unless otherwise ordered by the Court, the parties may orally announce their discovery plan at the pretrial or status conference and need not file a written report.

(i) ***Pretrial or Status Conference.*** The Court will conduct a pretrial or status conference at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed. The parties may not introduce testimony or documentary evidence at the pretrial or status conference. The Court, however, may consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the pretrial or status conference by parties either directly or through counsel.

(j) ***Discovery.***

(1) ***General.*** Parties should be familiar with the Local Rules regarding discovery, including Local Rules 7026-1, 7026-2, 7030-1, 7033-1, and 7037-1.

(2) ***Commencement of Discovery.*** Absent leave of Court, discovery may not commence until the conclusion of the Meeting of Parties.

(3) ***Discovery Deadline.*** Parties must complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.

(4) ***Discovery Disputes.*** If a discovery dispute occurs, the parties must first confer in good faith to attempt to resolve the issues, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037. If the parties are unable to resolve the dispute, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

(5) ***Discovery Papers Should Not Be Filed with the Court.*** Consistent with Fed. R. Civ. P. 5, as incorporated by Fed. R. Bankr. P. 7005, disclosures under Fed. R. Civ. P. 26(a)(1) or (2) and the following discovery responses and requests must not be filed with the Court until they are used in the case or proceeding or the Court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admissions.

(k) ***Motions.***

(1) ***General.*** A motion filed with the Court must request only one form of relief unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.

(2) ***Format.*** All motions, responses, and replies must comply with the Court's Style Guide posted on the Court's website, www.flmb.uscourts.gov. Papers should be double spaced and, where appropriate, include a legal memorandum containing argument and citations of authorities.

(3) ***Page Limits.*** Absent leave of Court, all motions, responses, replies, and supporting memoranda must not exceed ten pages in length. Proofs of service, properly attached and identified exhibits, and the signature block of counsel are not considered for purposes of calculating page limits. If any paper violates this subsection (k), the Court may, *sua sponte* or upon motion of a party, strike the subject paper.

(4) ***Motions Required to Be Served Using the Court's Negative Notice Procedures.*** The following motions must be served using the negative notice procedures of Local Rule 2002-4:

(A) motions to dismiss and other motions under Fed. R. Bankr. P. 7012;

(B) motions to amend pleadings;

(C) motions regarding joinder or substitution of parties;

(D) motions for leave to intervene;

(E) motions to abstain;

(F) motions for attorney's fees or costs under Fed. R. Bankr. P. 7054;

(G) motions under Fed. R. Bankr. P. 9023 and 9024; and

(H) motions related to discovery, except that the moving party may submit a proposed order simultaneously with the filing of the motion if:

(i) the responding party has failed to respond to a discovery request;

(ii) the motion does not include a request for sanctions, waiver of objections, or deemed admissions; and

(iii) the proposed order gives the respondent 14 days to produce documents or respond to the discovery request.

The negative notice legend must provide for a 14-day response period. The moving party may file a reply, if desired, no later than seven days after the response is filed.

(5) ***Emergency Motions.*** The Court will, in its discretion, consider emergency motions at any time. Emergency motions must comply with Local Rule 9013-1(d) and must be filed using the Emergency Matters Notification Procedure on the Court's website, www.flmb.uscourts.gov.

(6) ***Motions to Determine if the Bankruptcy Court Has Authority to Enter Final Orders or Judgments.*** Under 28 U.S.C. § 157(b), the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on claims (A) that are non-core or (B) that are statutorily core but that (i) involve state law claims that arise independently of the Bankruptcy Code and (ii) are not part of the claims allowance process. A party who seeks a determination that the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on any issue raised in the adversary proceeding must file a motion for such determination no later than the date set for filing a response to the complaint. A party who fails to timely file such a motion is deemed to have consented to the Bankruptcy Court's entry of final orders and judgments in the proceeding. However, a party's failure to timely file such a motion does not constitute a waiver of that party's right to appeal under 28 U.S.C. § 158.

(7) ***Motions for Summary Judgment.*** Unless the Court orders otherwise, motions for summary judgment must be filed no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. Absent order or direction of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending.

(l) ***Pretrial Disclosures of Witnesses and the Use of Depositions.*** Fed. R. Civ. P. 26(a)(3) (except with respect to time limits) governs pretrial disclosures regarding witnesses and use of depositions. Parties must file and exchange names, telephone numbers, and addresses for witnesses, and any designations of depositions at least 28 days before trial. Objections to the use of depositions must be filed within 14 days of the disclosure. Parties must confer on any factual or evidentiary stipulations prior to trial.

(m) ***Joint Stipulation of Undisputed Facts.*** The parties must meet in person or by video to prepare a joint stipulation of undisputed facts and exhibits that may be admitted into evidence without objection. The stipulation must be filed no later than seven days before the date set for trial.

(n) ***Exhibits.***

(1) ***Exhibits to Be Filed and Exchanged via CM/ECF.*** Parties must prepare exhibits in compliance with Local Rule 9070-1 and must file and exchange exhibits no later than seven days before the date set for trial.

(2) ***Self-Authentication of Records of Regularly Conducted Activity.*** A party who intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) to introduce into evidence records of regularly conducted activities under Fed. R. Evid. 803(6) must, within at least 28 days before trial, file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted.

(3) ***Objections to Admissibility of Exhibits.*** Written objection to the admission of an exhibit into evidence on the grounds that the exhibit (A) lacks authentication or (B) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived.

(o) ***Expert Witness Testimony.*** Unless the Court orders otherwise, a party who wishes to offer expert testimony at trial must comply with the requirements of Fed. R. Civ. P. 26(a)(2).

(p) ***Stipulations.*** All stipulations of the parties must be made in writing, signed, and promptly filed with the Court.

(q) ***Supplementation of Disclosures.*** Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

(r) ***Sanctions.*** Failure to comply with all requirements of this rule may result in the imposition of sanctions that could include striking a party's pleading or denial of the right to introduce evidence or witness testimony.

(s) ***Settlements.*** Pursuant to Local Rule 9019-1, parties must immediately notify the Court of any settlement and promptly file and serve a motion to approve the compromise in the debtor's main case, not in the adversary proceeding. If the complaint asserts claims under 11 U.S.C. § 523 only, a motion to approve the compromise is not necessary. However, if desired, the parties may seek approval of the settlement by filing a motion in the adversary proceeding.

---

## *Notes of Advisory Committee*

### *2025 Amendment*

This amendment revises section (k)(4) to conform the rule to the Court's Negative Notice and Accompanying Orders Lists regarding motions related to discovery in certain circumstances. Other changes are stylistic. This amendment to the rule is effective August 15, 2025.

### *2024 Amendment*

The amendments to section (k) extend the ten-page limit to all motions, responses, replies and supporting memoranda filed with the Court and remove motions for summary judgment from the Court's negative notice procedures. New section (m) conforms the rule to the Court's current practices and form orders regarding joint stipulations of fact to be submitted before trial. Other changes are stylistic. This amended rule is effective August 15, 2024.

### *2019 Amendment*

The amendment to section (k)(4) specifies the types of motions that are required to filed using the Court's negative notice procedures. Amended section (m)(3) provides that written objection to the admission of an exhibit into evidence on the grounds that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived. Revised section (k)(4) specifies the types of motions that are required to be filed using negative notice procedures. This amended rule is effective July 1, 2019.

### *2017 Amendment*

This rule is revised to require that pleadings or other papers requesting injunctive relief so state in the title. And, consistent with Fed. R. Civ. P. 5, the rule states that discovery papers must not be filed with the Court. Section (k)(6) is revised to more clearly explain that the Bankruptcy Court lacks jurisdiction to enter a final order or judgment in cases that are non-core or that are statutorily core but involve state law claims, as explained by the Supreme Court in *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Other amendments are stylistic. This amendment to the rule is effective July 1, 2017.

### *2016*

This new rule incorporates the provisions of archived Administrative Order FLMB-2014-10 "Administrative Order Prescribing Procedures for Adversary Proceedings." In addition, section (f)(4) regarding pretrial disclosures is now consistent with Fed. R. Civ. P. 26(f). The rule also clarifies the requirement that motions in adversary proceedings be filed and served using the negative notice procedures of Local Rule 2002-4. This new rule is effective July 1, 2016.

## CERTIFICATE OF SERVICE

I, ________________________________ , certify that I am, and at all times during the service of process was,
(name)
not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint and a copy of Local Rule 7001-1 was made __________________ by:
(date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of ______________________________ as follows: [Describe briefly]
(name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

________________________________ ________________________________________
Date Signature

| Print Name | | |
|---|---|---|
| Business Address | | |
| City | State | Zip |